STROOCK & STROOCK & LAVAN LLP
ARJUN P. RAO (State Bar No. 265347)
ADAM P. SNYDER (State Bar No. 312160)
2029 Century Park East
Los Angeles, CA  90067-3086
Telephone: 310-556-5800
Facsimile: 310-556-5959
Email:  *lacalendar@stroock.com*

Attorneys for Defendant
  DISCOVER PRODUCTS INC., erroneously sued as
  DISCOVER FINANCIAL SERVICES, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDEEP SINGH,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CAPITOL ONE; DISCOVER FINANCIAL SERVICES, LLC; and DOES 1 TO 100, inclusive,<br><br>　　　　Defendants. | Case No. 5:18-cv-01187<br><br>**NOTICE OF REMOVAL OF DEFENDANT DISCOVER PRODUCTS INC.** |

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. Sections 1331, 1332, 1441(a), and 1446, defendant Discover Products Inc. ("DPI"), erroneously sued as Discover Financial Services, LLC, hereby removes the action entitled <u>Amandeep Singh v. Capitol One and Discover Financial Services, LLC</u>, Superior Court of California, County of San Bernardino, Case No. CIVDS 1723534 (the "Action"), to the United States District Court for the Central District of California, Eastern Division, on the following grounds:

1. <u>Removal Is Timely</u>. The Summons, Complaint and Amendment to the Complaint were personally served on DPI on May 4, 2018. DPI has timely filed this Notice of Removal pursuant to 28 U.S.C. § 1446(b) because DPI has filed it within 30 days of receipt by, and service on, DPI of the Complaint, and within one year after "commencement of the action" in state court. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all documents served on DPI in this Action, including the Summons, the Complaint with its associated exhibits, and the Amendment to the Complaint are attached as Exhibit A.

2. <u>This Court Has Removal Jurisdiction Over This Action.</u>

    a. <u>Diversity Jurisdiction</u>. This Court has original jurisdiction over the Action pursuant to 28 U.S.C. § 1332(a) and the Action is removable to this Court by DPI pursuant to 28 U.S.C. § 1441(b). The Action is a civil action between a citizen of this State and citizens of foreign states and the amount in controversy exceeds $75,000, exclusive of interest and costs. <u>See</u> 28 U.S.C. § 1332(a)(2) ("[D]istrict courts shall have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000 . . . and is between [] citizens of a State and citizens or subjects of a foreign state . . . .").

Initially, Plaintiff Amandeep Singh ("Plaintiff") is a citizen of California. A person's residence is prima facie evidence of the person's domicile and thereby their

citizenship. See Mondgragon v. Capital One Auto Finance, 736 F.3d 880, 886 (9th Cir. 2013); see also Anderson v. Watts, 138 U.S. 694, 706 (1891) ("The place where a person lives is taken to be his domicile until facts adduced establish the contrary…"). Here, Plaintiff provides within the various documents served on DPI a California address. (See Exhibit A.) In addition, Plaintiff attaches a copy of his driver's license, which indicates that Plaintiff is a resident of California. (See Plaintiff's driver's license, attached within Exhibit A.) Accordingly, Plaintiff is a citizen of California for purposes of analyzing diversity jurisdiction.

Next, defendants are citizens of foreign states. For purposes of analyzing diversity jurisdiction, a national banking association "is a citizen of the State in which its main office, as set forth in its articles of association, is located." Wachovia Bank v. Schmidt, 546 U.S. 303, 307 (2006); see also Rouse v. Wachovia Mortg., FSB, 747 F.3d 707, 708 (9th Cir. 2014) (holding that a national bank is a citizen only of the state in which its main office is located as designated in the bank's articles of association); 28 U.S.C. § 1348 (stating that a national bank is a citizen of the state in which it is "located"). A corporation is deemed to be a citizen of the State where it is incorporated and where it has its "principal place of business." 28 U.S.C. § 1332(c)(1). Here, defendant Capital One Bank (USA), N.A. ("Capital One"), which Plaintiff names in his Amendment to Complaint, is a national banking association with its main office in Virginia. DPI is a Utah corporation with its principal place of business in Utah. As a result, defendants are citizens of Virginia and Utah, respectively.

Finally, and although DPI denies any liability whatsoever, the allegations of the Complaint establish that the amount in controversy exceeds the $75,000.00 threshold. See 28 U.S.C. § 1446(c)(2) ("the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy"); Crum v. Circus Circus Enterprises, 231 F.3d 1129, 1131 (9th Cir. 2000) ("Generally, the amount in controversy is determined from the face of the pleadings."). Here, Plaintiff demands

- 3 -
NOTICE OF REMOVAL OF DEFENDANT DISCOVER PRODUCTS INC.

LA 52177213

$700,000 in actual damages, plus interest, as well as attorney's fees and $20,000,000 in punitive damages. Accordingly, and based solely upon Plaintiff's Complaint, which DPI denies has any merit whatsoever, the amount in controversy satisfies the $75,000 threshold.

Accordingly, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332.[1]

    b.    <u>Federal Question Jurisdiction</u>. In addition to jurisdiction pursuant to 28 U.S.C. § 1332, original jurisdiction exists pursuant to 28 U.S.C. § 1331 as this Action arises out of the law of the United States. In his Complaint, Plaintiff takes issues with alleged negative entries on his credit reports that he alleges defendants failed to remove. (<u>See</u> Compl. at BC-1, BC-2; FR-2; and FR-3.) Based on these allegations, Plaintiff alleges that defendants breached a contract and engaged in fraud. (<u>Id.</u>) However, these claims are entirely preempted by the Fair Credit Reporting Act, 15 U.S.C. § 1681t(b)(1)(F), which states that "[n]o requirement or prohibition may be imposed under the law of any State—with respect to any subject matter regulated under…section 1681s-2 of this title, relating to the responsibilities of persons who furnish information[.]" <u>See</u> <u>Metro. Life Ins. Co. v. Taylor</u>, 481 U.S. 58, 63–64 (holding that "Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character.").

    3.    <u>Co-Defendant Capital One Consents to Removal</u>. Prior to the filing of this Notice of Removal, counsel for DPI conferred with counsel for Capital One, who advised that Capital One consents to the removal of this Action. DPI is not aware of any other defendants that have been named or served with the Complaint. Accordingly, no additional consent of removal is necessary and removal is proper

---

[1] Pursuant to 28 U.S.C. § 1441(b)(2), an action "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Here, no "local" defendant has been named in the Action. Accordingly, removal is appropriate.

pursuant to 28 U.S.C. § 1446(a) & (b).  See Emrich v. Touche Ross & Co., 846 F.2d 1190, 1193 n.1 (9th Cir. 1988) (The general rule that "all defendants in a state action must join in the petition for removal . . . [applies] only to defendants properly joined and served in the action.").

4. Venue Is Proper In This Court.  This Court is the proper district court for removal because the Superior Court of the State of California for the County of San Bernardino is located within the United State District Court for the Central District of California, Eastern Division.  See 23 U.S.C. § 1441(a).

5. Notice Will Be Effected.  Pursuant to 28 U.S.C. §1446(d), DPI will concurrently serve Plaintiff with copies of this Notice of Removal and the Notice filed in the Action.  DPI concurrently is filing a copy of this Notice of Removal of Action with the Superior Court of the State of California for the County of San Bernardino.

Dated:  June 1, 2018

STROOCK & STROOCK & LAVAN LLP
ARJUN P. RAO
ADAM P. SNYDER


By: _____/s/ Arjun P. Rao_____
           Arjun P. Rao

Attorneys for Defendant
  DISCOVER PRODUCTS INC.,
  erroneously sued as DISCOVER
  FINANCIAL SERVICES, LLC

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 1, 2018, a copy of the foregoing **NOTICE OF REMOVAL OF DEFENDANT DISCOVER PRODUCTS INC.** was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of electronic Filing. Parties may access this filing through the court's EM/ECF System.

*/s/ Arjun P. Rao*
Arjun P. Rao

*Via U.S. Mail:*

Amandeep Singh
16856 Merrill Street
Fontana, CA 92335

Hunter Eley
Doll Amir & Eley
1888 Century Park East, Suite 1850
Los Angeles, CA 90067
Email: heley@dollamir.com
Attorney for Capital One (USA) N.A.